# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| BOBBY LEE MARABLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> GIBSON COUNTY CORRECTIONAL ) <br> COMPLEX, ET AL., ) <br> ) <br> Defendants. ) | No. 18-1057-JDT-cgc |

## ORDER PARTIALLY DISMISSING COMPLAINT AND DIRECTING THAT PROCESS BE ISSUED AND SERVED ON DEFENDANT MILAN

On April 5, 2018, Plaintiff Bobby Lee Marable, who is incarcerated at the Gibson County Correctional Complex (GCCX) in Trenton, Tennessee, filed a *pro se* complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on April 6, 2018, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Court also granted Marable's motion to supplement his complaint to add the names of the Defendants he sues and to request a jury trial. (ECF Nos. 5 & 6.) The Clerk shall record the Defendants as the GCCX, Lieutenant Nick Milan, Lieutenant First Name Unknown (FNU) Kelly, Lieutenant Christine Combs, Twila Claybon, Dakota Hicks, and Officer FNU Jordan.

Marable alleges that on August 10, 2017, Lieutenant Milan and Officer Miller (who Marable does not name as a Defendant) used excessive force while arresting Marable. (ECF No. 1 at PageID 1.) Marable claims that, while he was handcuffed and laying on his stomach, Milan punched him "in the right side of my face and head at least 10 times," while Miller twisted Marable's handcuffs causing his wrists to bleed and hands to turn numb. (*Id.*) The officers then allegedly dragged Marable by his feet despite his protests that an object protruding from the ground was jabbing and cutting him. (*Id.*) The officers allegedly responded that they did not care about his discomfort and refused to allow Marable to stand, saying "that's what [you] get." (*Id.*)

The officers took Marable to the GCCX, where Officer Jordan allegedly refused him medical attention. (*Id.* at PageID 2.) Officers Jordan, Milan, and Miller reiterated, "that's what [you] get for running from the Officers." (*Id.*) Medical personnel eventually arrived but told Marable nothing was wrong with him. (*Id.*) A transporting officer informed the medical staff that Marable likely was dehydrated, causing him to vomit out the patrol car window en route to GCCX. (*Id.*) Marable was processed the next morning and released on bond. (*Id.*) He alleges that a pocket knife and money from his wallet were missing from the personal items returned to him. (*Id.*)

Marable alleges that months later, on February 27, 2018, when he was in custody at the GCCX, Officers Claybon, Hicks, and Combs took his mattress that he had exchanged with an inmate who was being released. (*Id.*) Marable was forced to sleep on the concrete floor for several days, which "was very uncomfortable sleeping." (*Id.* at PageID 2-3.) On March 7, 2018, Lieutenant Kelly came to Marable's cell to deny him a cell transfer.

(*Id.* at PageID 3.) Marable alleges that Kelly knew Marable had no mattress but said nothing about it. (*Id.*) Officers Jordan and Paige (who Marable does not name as a Defendant) brought Marable a mattress the next day. (*Id.*)

Marable in passing also alleges that his diet "needs to be fixed because I have acid reflux." (*Id.*) He claims he has filled out several medical requests for medical attention but still has not received a different diet. (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.

R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Marable does not specify the jurisdictional basis for his complaint or the relief he seeks. Based on the allegations in the complaint, the Court presumes Marable intends to proceed pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

4

To the extent Marable intends to assert official-capacity claims against the Defendants, his claims are against their employer, GCCX. Those claims in turn are construed as against Gibson County. When a § 1983 claim is made against a municipality or county, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A local government such as a municipality or county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality may be held responsible for a constitutional deprivation only if there is a direct causal link between a municipal policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis*

*v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Marable does not allege that he suffered an injury because of an unconstitutional policy or custom of Gibson County. He instead alleges that the individual Defendants violated his constitutional rights through their own actions. Marable therefore fails to state a claim against Gibson County.

Marable's allegation that Officer Milan punched him while Marable was handcuffed amounts to a claim of excessive force.[1] At the time of Milan's actions, Marable was being arrested. His claim therefore arises under the Fourth Amendment, "which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." *Graham v. Connor*, 490 U.S. 386, 394 (1989); *see Tennessee v. Garner*, 471 U.S. 1, 7-8 (1985) (claim of excessive force to effect arrest analyzed under a Fourth Amendment standard). Under the Fourth Amendment, the Court applies "an objective reasonableness test, looking to the reasonableness of the force in light of the totality of the circumstances confronting the defendants, and not to the underlying intent or motivation of the defendants." *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013) (citing *Dunigan v. Noble*, 390 F.3d 486, 493 (6th Cir. 2004), and *Graham*, 490 U.S. at 396-97). The Court balances "the nature and quality of the intrusion on [a plaintiff's] Fourth Amendment

---

[1] Marable lists related allegations against Officer Miller but does not name Miller as a Defendant in either his original complaint or his supplement specifically listing each Defendant he wishes to sue. (ECF No. 5.) The Court therefore will not consider the allegations specific to Officer Miller in this claim.

interests against the countervailing governmental interests at stake." *Id.* (quoting *Ciminillo v. Streicher*, 434 F.3d 461, 466-67 (6th Cir. 2006)).

This balance involves considering three factors: 1) the severity of the crime, 2) whether the suspect posed an immediate threat to the safety of the officers or by-standers, and 3) whether the suspect was actively resisting arrest or attempting to evade arrest by fleeing. *Burgess*, 735 F.3d at 472-73 (citing *Martin v. City of Broadview Heights*, 712 F.3d 951, 958 (6th Cir. 2013) (quoting *Graham*, 490 U.S. at 396)). The Court must assess the factors "from the perspective of a reasonable officer on the scene making a split-second judgment under tense, uncertain, and rapidly evolving circumstances without the advantage of 20/20 hindsight." *Id.* at 473 (quoting *Graham*, 490 U.S. at 396-97).

Marable's complaint does not disclose his crime, but his allegations suggest that he was subdued after running from the officers. (ECF No. 1 at PageID 2.) Nor does the complaint inform whether Marable posed any threat at the time he was caught and taken to the ground. Marable alleges that he was handcuffed and laying on his stomach on the ground when Officer Milan punched him "in the right side of [his] face and head at least 10 times." (*Id.* at PageID 1.) The Sixth Circuit has held that "striking a neutralized suspect who is secured by handcuffs is objectively unreasonable." *Schreiber v. Moe*, 596 F.3d 323, 332 (6th Cir. 2010); *see also Phelps v. Coy*, 286 F.3d 295, 301 (6th Cir. 2002) (concluding that "there was simply no governmental interest in continuing to beat [a suspect] after he had been neutralized, nor could a reasonable officer have thought there was"); *Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir. 1994) (holding that use of force after suspect had been incapacitated by mace would be excessive as a matter of law); *McDowell v. Rogers*,

863 F.2d 1302, 1307 (6th Cir. 1988) (concluding that blow with nightstick to handcuffed, unresisting suspect would be gratuitous and therefore unreasonable).

Marable's allegations, taken as true, suggest Officer Milan acted unreasonably. Though Marable may have been fleeing officers initially, he had been taken to the ground and handcuffed before Milan repeatedly punched him. It is not clear from the complaint whether by-standers where nearby or whether Marable posed any threat to them or the officers. Under Sixth Circuit precedent, the allegations of the complaint sufficiently state a Fourth Amendment claim of excessive force against Officer Milan.

Marable next alleges that Officer Jordan refused him medical treatment at GCCX while Marable was undergoing booking procedures but that he eventually did see medical personnel. He also alleges that Officers Claybon, Hicks, and Combs took his mattress while he was an inmate at GCCX.

"The Eighth Amendment's prohibition on cruel and unusual punishment generally provides the basis to assert a § 1983 claim of deliberate indifference to serious medical needs, but where that claim is asserted on behalf of a pre-trial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point." *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 539 (6th Cir. 2008)). A claim of deliberate indifference under either the Eighth or Fourteenth Amendment has both an objective and a subjective component. *Id.* (Fourteenth Amendment); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (Eighth Amendment). To satisfy the objective component under the Fourteenth Amendment, "the detainee must demonstrate the existence of a sufficiently serious medical need." *Winkler*, 893 F.3d at

8

890 (quoting *Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009)). To satisfy the objective component under the Eighth Amendment, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. For the subjective component under either Amendment, the detainee/prisoner "must demonstrate that the defendant possessed a sufficiently culpable state of mind in denying medical care." *Winkler*, 893 F.3d at 891 (quoting *Spears*, 589 F.3d at 254); *see Farmer*, 511 U.S. at 834. A defendant has a sufficiently culpable state of mind if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

Marable's allegations against Officer Jordan do not meet either component of a Fourteenth Amendment claim of deliberate indifference. Marable alleges that his right arm had been cut from being dragged along the ground, and he believed he was dehydrated when he arrived at the GCCX. Though Officer Jordan initially denied Marable medical attention, Marable was examined by medical personnel while being booked and was told there was nothing wrong. Marable may have been uncomfortable as he awaited booking, but his allegations do not rise to the level of an objectively serious medical need. Nor does Marable allege that Officer Jordan subjectively knew Marable had a serious medical need, which it appears Marable did not have, and disregarded it. Marable's allegations therefore fail to state a claim against Officer Jordan.

Marable's allegations against Officers Claybon, Hicks, and Combs fare no better. The Sixth Circuit has held that, in the absence of evidence that a prisoner suffered a physical injury, the deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment. *Taylor v. Boyd*, No. 06-2412-JPM-DKV, 2008 WL

3852184, at *7 (W.D. Tenn. Aug. 15, 2008) (citing *Grissom v. Davis*, 55 F. App'x 756, 757-58 (6th Cir. 2003), *Shaw v. Mangione*, 27 F. App'x 407, 408 (6th Cir. 2001), and *Jones v. Toombs*, 77 F.3d 482, 1996 WL 67750, at *1 (6th Cir. 1996) (unpublished) ("The defendants did not violate Jones's Eighth Amendment rights by depriving him of a mattress for a two week period.")); *see also Schroeder v. Kaplan*, No. 93-17123, 1995 WL 398878, at *2 (9th Cir. July 7, 1995) (requiring prisoner to sleep on floor for a four-week period without use of mattress does not violate the Eighth Amendment). Marable does not allege he suffered any injury from sleeping without a mattress. His claim is therefore also barred under 42 U.S.C. § 1997e(e), which bars prisoner suits "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."

Marable alleges in passing that Lt. Kelly knew Marable did not have a mattress but did not say anything about it. Under § 1983, however, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Marable does not allege that Lt. Kelly had any role in the removal of his mattress. Even if he did so allege, there was no constitutional violation in forcing Marable to sleep without a mattress. Marable's allegations against Lt. Kelly therefore fail to state a claim.

Marable's allegations regarding the food at GCCX also arise under the Eighth Amendment, which imposes a duty to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer*, 511 U.S. 825, 832 (1994). The Eighth Amendment, however, "is concerned only with 'deprivations of essential food, medical care, or sanitation' or 'other conditions intolerable for prison confinement." *Richmond v. Settles*, 450 F. App'x 448, 454 (6th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)). Marable alleges only that, because he has acid reflux, his diet "needs to be fixed." (ECF No. 1 at PageID 3.) He does not allege that he suffers pain from his condition or that it is sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *See Williamson v. Bolton*, No. 3:18-CV-529-CHB, 2019 WL 96306, at *5 (W.D. Ky. Jan. 3, 2019) ("Plaintiff's vague allegation that he was in pain due to acid reflex is not sufficient to establish a serious medical need to meet the objective standard of a deliberate indifference claim."). Moreover, Marable does not allege that any named Defendant is aware of his condition and has refused to change the food he is given. He therefore fails to state a claim regarding the food at GCCX or medical attention for his acid reflux.

Marable also alleges that some of his property was missing when he retrieved it after posting bond. He does not allege, however, that any named Defendant is responsible for taking his property. When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Moreover, claims for deprivation of property are not actionable under § 1983 if adequate state remedies are available to redress the deprivation. *See, e.g.*, *Parratt v. Taylor*, 451 U.S. 527 (1981), *partially overruled on other grounds by Daniels v. Williams,* 474 U.S.

327, 330-31 (1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985). This is true even if the property is taken intentionally. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "[T]he State of Tennessee does provide an adequate post-deprivation remedy for takings of property." *McMillan v. Fielding,* 136 F. App'x 818, 820 (6th Cir. 2005) (citing *Brooks v. Dutton,* 751 F.2d 197, 199 (6th Cir. 1985)). Marable therefore must seek relief for the taking of his property in state court.

In conclusion, the Court DISMISSES Marable's claims against GCCX, Lieutenant Kelly, Lieutenant Combs, Officer Claybon, Officer Hicks, and Officer Jordan for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

It is ORDERED that the Clerk shall issue process for Defendant Milan and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Milan pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Marable shall serve a copy of every subsequent document he files in this cause on the attorneys for Defendant Milan. Marable shall make a certificate of service on every document filed. Marable shall familiarize himself with Federal Rules of Civil Procedure and this Court's Local Rules.[2]

---

[2] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

Marable is reminded that he must promptly notify the Clerk of any change of address or extended absence.  Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE