UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BOBBY LEE MARABLE, | ) |
| Plaintiff, | ) ) ) |
| VS. | ) ) No. 18-1057-JDT-cgc |
| GIBSON COUNTY CORRECTIONAL COMPLEX, ET AL., | ) ) ) ) |
| Defendants. | ) ) |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Bobby Lee Marable, a prisoner acting *pro se*, filed a civil complaint which the Court construed under 42 U.S.C. § 1983. (ECF No. 1.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Court screened the complaint, partially dismissing Plaintiff's claims and directing that process be served on his claim for excessive force against Defendant Nick Milan, a Lieutenant with the Gibson County, Tennessee, Sheriff's Department (GCSD). (ECF No. 7.) Defendant filed a motion for summary judgment on February 26, 2021. (ECF No. 23.) Plaintiff filed a document on March 10, 2021, which the Court construes as a response to Defendant's motion. (ECF No. 24.)

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be

discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[1] or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the district court may:

> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

> In *Celotex Corp.*, the Supreme Court explained that Rule 56:
>
> mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential

---

[1] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

> element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23.

In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (same). However, the Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

Defendant Milan contends summary judgment is appropriate in this case because Plaintiff cannot establish he was subjected to excessive force. In the alternative, Defendant argues he is entitled to qualified immunity. In support of his motion, Defendant has submitted his Declaration (Milan Decl., ECF No. 23-3) and the Declaration of Daniel Miller, also a Lieutenant with the GCSD. (Miller Decl., ECF No. 23-4.) In response to the summary judgment motion, Plaintiff reiterates what he claims happened during the incident and adds additional details. He has submitted no evidence, however, to support those assertions. Moreover, the complaint cannot be treated as evidence because it is neither sworn nor signed under penalty of perjury.

In the order of partial dismissal, the Court summarized Plaintiff's factual allegations with regard to the claim against the Defendant:

> Marable alleges that on August 10, 2017, Lieutenant Milan and Officer Miller (who Marable does not name as a Defendant) used excessive force while arresting Marable. (ECF No. 1 at PageID 1.) Marable claims that, while he was

3

>handcuffed and [lying] on his stomach, Milan punched him "in the right side of my face and head at least 10 times," while Miller twisted Marable's handcuffs causing his wrists to bleed and hands to turn numb. (*Id.*) The officers then allegedly dragged Marable by his feet despite his protests that an object protruding from the ground was jabbing and cutting him. (*Id.*) The officers allegedly responded that they did not care about his discomfort and refused to allow Marable to stand, saying "that's what [you] get." (*Id.*)
>
>The officers took Marable to the GCCX [Gibson County Correctional Complex], where Officer Jordan allegedly refused him medical attention. (*Id.* at PageID 2.) Officers Jordan, Milan, and Miller reiterated, "that's what [you] get for running from the Officers." (*Id.*) Medical personnel eventually arrived but told Marable nothing was wrong with him. (*Id.*) A transporting officer informed the medical staff that Marable likely was dehydrated, causing him to vomit out the patrol car window en route to GCCX. (*Id.*) Marable was processed the next morning and released on bond. (*Id.*)

(ECF No. 7 at PageID 22.)

The evidence submitted by the Defendant in support of the motion for summary judgment reveals circumstances very different from those alleged by Plaintiff. As stated, Plaintiff has offered no evidence to rebut Defendant's evidence and support his own version of what occurred. The undisputed evidence in the record thus shows the following sequence of events. On August 4, 2017,[2] Lt. Miller was in Fruitland, Tennessee, when he received a call about a reckless driver in a maroon Buick traveling toward Humboldt, Tennessee. (Miller Decl. ¶¶ 2-3, ECF No. 23-4 at PageID 95.) Miller later saw a vehicle matching that description and followed it into Humboldt. (*Id.* ¶¶ 4-5 at PageID 95-96.) He eventually turned on his blue lights and stopped the vehicle in a parking lot. (*Id.* ¶ 7 at PageID 96.) Miller approached and spoke to the driver, who later was identified as the Plaintiff. (*Id.* at ¶ 8.) Plaintiff told Miller he did not have his driver's license with him and gave a false name and date of birth. (*Id.*) When Miller returned to the patrol car to run the name and birth date, Plaintiff suddenly drove away; though Miller tried to block the car with

---

[2] Though the complaint alleges the incident occurred on August 10th, the Defendant's evidence establishes it occurred on August 4th. Plaintiff does not dispute the August 4th date.

his own vehicle, Plaintiff was able to exit the parking lot, running over a curb. (*Id.* ¶¶ 9-10.) Plaintiff drove across the street and also struck the far curb, rendering his vehicle inoperable. (*Id.* ¶ 11.) Miller again approached Plaintiff's vehicle, ordering him to get out of the car and lie on the ground. (*Id.* ¶ 12 at PageID 97.) Rather than complying, Plaintiff ran; Miller called for backup and chased Plaintiff on foot. (*Id.* ¶ 13.)

Miller's call for backup was received by Defendant Milan, who responded to the scene. (Milan Decl. ¶ 3, ECF No. 23-3 at PageID 92.) As Miller pursued Plaintiff, Plaintiff entered a field, at which time the Defendant joined the foot pursuit. (Miller Decl. ¶ 14, ECF No. 23-4 at PageID 97; Milan Decl. ¶ 4, ECF No. 23-3 at PageID 92.) Plaintiff then went into a wooded area and hid there, but he later came out and resumed his flight. (Miller Decl. ¶¶ 15-16 at PageID 97; Milan Decl. ¶¶ 5-6 at PageID 93.) However, Defendant caught Plaintiff and took him to the ground. (Miller Decl. ¶ 17 at PageID 97; Milan Decl. ¶ 6 at PageID 93.)

Even after the Defendant took him to the ground, Plaintiff resisted the efforts to subdue him and tried to break loose. (Miller Decl. ¶ 18 at PageID 97; Milan Decl. ¶ 7 at PageID 93.) In order to gain control, Defendant put his weight on Plaintiff; he eventually got control and was able to handcuff Plaintiff. (Miller Decl. ¶ 18 at PageID 97; Milan Decl. ¶¶ 7-8 at PageID 93.) Once Plaintiff was handcuffed, Defendant states that "[n]o additional force was used or necessary." (Milan Decl. ¶ 9 at PageID 93; *see also* Miller Decl. ¶ 19 at PageID 97.)

Both Miller and the Defendant state that at no time during or after the arrest did the Defendant kick or punch Plaintiff and that neither officer dragged Plaintiff across the ground. (Miller Decl. ¶¶ 20-21 at PageID 97; Milan Decl. ¶¶ 10-11 at PageID 93.) Both also state Plaintiff never complained of being hurt by a sharp object in the ground. (Miller Decl. ¶ 21 at PageID 97; Milan Decl. ¶ 11 at PageID 93.) At that time, Plaintiff was not bleeding or otherwise visibly

5

injured and did not request medical treatment.  (Miller Decl. ¶ 22 at PageID 97; Milan Decl. ¶ 12 at PageID 93.)  He was transported to the GCCX.  ((Miller Decl. ¶ 23 at PageID 97; Milan Decl. ¶ 14 at PageID 93.)

Plaintiff was an arrestee at the time of this incident, so his claim arises under the Fourth Amendment, "which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person."  *Graham v. Connor*, 490 U.S. 386, 394 (1989); *see Tennessee v. Garner*, 471 U.S. 1, 7-8 (1985) (claim of excessive force to effect arrest analyzed under a Fourth Amendment standard).  Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  *Graham*, 490 U.S. at 397 (citations omitted); *see also Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013).

The proper application of this standard requires consideration of the following factors: 1) the severity of the crime, 2) whether the suspect posed an immediate threat to the safety of the officers or by-standers, and 3) whether the suspect was actively resisting arrest or attempting to evade arrest by fleeing.  *Burgess*, 735 F.3d at 472-73 (citing *Martin v. City of Broadview Heights*, 712 F.3d 951, 958 (6th Cir. 2013) (quoting *Graham*, 490 U.S. at 396)).  The Court must assess the factors "from the perspective of a reasonable officer on the scene making a split-second judgment under tense, uncertain, and rapidly evolving circumstances without the advantage of 20/20 hindsight."  *Id.* at 473 (quoting *Graham*, 490 U.S. at 396-97).

In this case, Plaintiff was suspected of the offenses of reckless driving and driving without a license, but there is no evidence he was driving in a particularly dangerous manner.  There also is no evidence suggesting Plaintiff posed an immediate threat to the safety of the officers or to any bystanders.  However, Plaintiff did flee from the officers and actively resisted arrest.  Most

6

important, though Plaintiff contends he was subjected to unconstitutional force *after* he was on the ground, handcuffed and under arrest (ECF No. 1 at PageID 1), there is no evidence whatsoever in the record suggesting that either officer used *any* additional force on Plaintiff after he was taken to the ground, let alone unconstitutional force.

For the foregoing reasons, the Court concludes Plaintiff has failed to establish a genuine issue of material fact as to his claim that Defendant subjected him to objectively unreasonable force in violation of the Fourth Amendment. Defendant Milan is therefore entitled to judgment as a matter of law, and the motion for summary judgment is GRANTED.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE