IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BOBBY LEE MARABLE,  )  )  )  Plaintiff,  )  )  v.  )  )  GIBSON COUNTY CORRECTIONAL COMPLEX,  )  )  Defendant.  )  )  )  ) | Case No.: 1:18-cv-01057-JDB-cgc |

ORDER DENYING MOTION TO ADJUST PAYMENT PLAN

Before the Court is the September 14, 2022, motion of Plaintiff, Bobby Lee Marable, to adjust the plan by which he is to pay the civil action filing fee as required by 28 U.S.C. § 1914(a). (Docket Entry ("D.E.") 27.)  For the reasons set forth below, this motion is DENIED.

On April 5, 2018, Plaintiff, who was previously incarcerated at the Gibson County Correctional Complex,[1] filed a pro se civil complaint and motion to proceed *in forma pauperis*. (D.E. 1, 2.)  On April 6, 2018, this Court granted Marable's motion to proceed *in forma pauperis* (the "Order") in accordance with the terms of the Prison Litigation Reform Act ("PLRA") in 28 U.S.C. § 1915(a)-(b).  (D.E. 4.)  The civil action filing fee is $350, and this Court ordered Plaintiff to pay the full filing fee pursuant to a payment plan.  (*Id.*); *see* 28 U.S.C. § 1914(a).  The PLRA sets forth the process by which a prisoner is to pay the filing fee by first making an initial payment and then paying the remainder until the entire $350 is paid in full.  28 U.S.C. § 1915.

---

[1] Plaintiff is presently incarcerated at the Riverbend Maximum Security Institution in Nashville, Tennessee.  (D.E. 27-1.)

As required by the PLRA, the trust account officer at Plaintiff's prison was ordered to "calculate a partial initial filing fee equal to twenty percent . . . of the greater of the average balance in or deposits to Plaintiff's trust account for the six months immediately preceding the completion of the affidavit." (D.E. 4 at PageID 14); *see* 28 U.S.C. § 1915(b). Next, this Court ordered that "after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the $350 filing fee is paid." (D.E. 4 at PageID 14.) This order complies with the requirements of the PLRA in 28 U.S.C. § 1915 (a)-(b).

Marable now contends "[b]y virtue of the payment plan that is now in place with the U.S. District Court, the plaintiff is being forced to pay 50% of [his] state wage" earned from his job in the prison's kitchen. (D.E. 27 at PageID 115.) This statement is unsupported by Plaintiff's attachments or by the language of the Order. Indeed, as discussed above, the Order directed the trust account officer to withdraw twenty percent of Marable's monthly income and pay that amount to the Clerk of this Court each month until the $350 was paid. (D.E. 4.)

Additionally, Plaintiff attached a copy of a memorandum from the Central Trust Fund Administration dated August 5, 2022, directing him to pay $457.50 in court costs associated with a Gibson County criminal case. (D.E. 27-2.) That memorandum, pursuant to Tenn. Code Ann. § 40-25-143, indicates that the Central Trust Fund Administration "will set up automatic deductions of 50% of all deposits made to [Plaintiff's] trust fund account until the court costs . . . are repaid to the State in full." (*Id.* at PageID 120.) Thus, the fifty percent deduction rate that Marable references appears to be associated with court costs incurred in an unrelated state court case.

2

Furthermore, in the caption to the present motion, Plaintiff provides "Case No. 2017-CR19568" as the case number in the instant action.  (*Id.* at PageID 115.)  This case number, however, is associated with the previously referenced state court case, not with the present federal court action.

Finally, Marable mistakenly relies on Federal Rule of Civil Procedure 69, Tennessee state statutes, and federal case law.  Federal Rule of Civil Procedure 69 governs the process of enforcing a money judgment by writ of execution.  Fed. R. Civ. P. 69.  Plaintiff cites *Lewis v. United Joint Venture*, in which the 6th Circuit noted that the rule "allows a party to obtain enforcement remedies against an opposing party."  691 F.3d 835, 839 (6th Cir. 2012).  The filing fee that he has been ordered to pay is not a money judgment governed by that rule.  *See Judgment – money judgment*, *Black's Law Dictionary* (11th ed. 2019) ("A judgment for damages subject to immediate execution, as distinguished from equitable or injunctive relief.")  Indeed, the PLRA requires the payment of the $350 filing fee.  28 U.S.C. § 1915.  Next, Marable's reliance on Tenn. Code Ann. § 26-2-216 and *Harrington v. Harrington*, 759 S.W.2d 664 (Tenn. 1988) is misplaced.  This statute, and *Harrington*, which interpreted parts of the statute, govern installment payments entered after judgments have been rendered by a Tennessee state court, not payment of filing fees required by federal law.  Additionally, Plaintiff points to an unreported case from the District of Maryland for the proposition that "[t]he court must apply Tennessee law pertaining to the collection of civil judgments."  (D.E. 27 at PageID 116 (citing *Bocangel v. Warm Heart Fam. Assistance Living, Inc.*, No. 8:16-CV-3989-PX, 2022 WL 1120058, at *1 (D. Md. Apr. 14, 2022)).)  That case dealt with the enforcement of a money judgment entered against parties for violations of the Fair Labor Standards Act.  *Id.*  As stated, here, Plaintiff has been ordered to pay a filing fee as required by the PLSA, not a money judgment.

3

For these reasons, Plaintiff's motion to adjust his payment plan is DENIED.

IT IS SO ORDERED this 5th day of October 2022.


s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE